# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6158 | DATE | 6/25/03 |
| CASE TITLE | Go For It, Inc. v. Aircraft Sales Corp., et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Aircraft Sales Corp's and Graubart's Rule 12(b)(6) Motion to Dismiss Complaint

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. Defendants' motion to dismiss is **granted** in part and **denied** in part. Counts II, III, IV, V, and VI are dismissed. Count I remains. Enter memorandum and opinion. Status hearing as to Count I set for 7/16/03 at 9:30 a.m. Case remains open.

(11) ☐ [For further detail see order on the reverse side of the original minute order

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 27 2003 date docketed | 29 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | 03 JUN 26 PM 6:03 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GO FOR IT, INC., a Florida Corporation,  )
                                                     )
        Plaintiff,                          )
                                                     )
       v.                               )
                                                     )   No. 02 C 6158
AIRCRAFT SALES CORP.,                    )
AVIATION VENTURES GROUP, INC.,     )   The Honorable William J. Hibbler
d/b/a SERVICE AVIATION, and             )
MARK GRAUBART, an individual,      )
                                                     )
        Defendants.               )

**DOCKETED**
JUN 2 7 2003

## MEMORANDUM OPINION AND ORDER

In this diversity action involving the sale of an aircraft, defendants Aircraft Sales Corp. and Mark Graubart have filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure. For the reasons below, defendants' motion is **GRANTED** in part and **DENIED** in part.

I. Background

This lawsuit arises out of the sale of a 1986 Cessna Aircraft (the Aircraft) to plaintiff in August of 2000. Following the transaction, plaintiff discovered that the Aircraft had crash landed in June of 1988 and was badly damaged. After the crash, a New York corporation purchased the Aircraft and repaired it. The Aircraft then passed through various owners, until it was purchased by defendants in March of 2000. Shortly thereafter, defendants began advertising the Aircraft for sale but did not disclose the damage history. Plaintiff responded to defendants'

1

29

advertisement and began negotiations. Plaintiff hired a company, Service Aviation, to perform a "pre-buy inspection" of the Aircraft. Service Aviation's inspection did not reveal the Aircraft's damage history and plaintiff proceeded with the purchase. To facilitate the transaction, the parties executed a written sales contract which contained "as is" warranty as well as a conspicuous waiver of all express and implied warranties (the Contract). The Contract also contained a two-year limitations provision during which all claims relating to the Aircraft must be brought.

After taking possession of the Aircraft, plaintiff made various improvements and in February 2002, scheduled another inspection in preparation to resell the Aircraft. In the course of this inspection, plaintiff discovered the Aircraft's damage history. Plaintiff contacted Graubart and demanded reimbursement. Graubart offered to repurchase the Aircraft and from February 2002 to July 2002 Graubart continued to assure plaintiff that the promised repurchase was imminent. Relying on Graubart's promises, plaintiff suspended negotiations with other potential buyers. When Graubart never consummated the transaction, plaintiff initiated the present lawsuit.

The gravamen of plaintiff's complaint is that defendants fraudulently withheld material information regarding the Aircraft's damage history. Plaintiff alleges that defendants' failure to disclose this information constituted deceptive conduct that caused economic injury. From these allegations, plaintiff fashions six causes of actions including fraudulent concealment, civil conspiracy, violation of the Illinois Consumer Fraud Act, violation of the Illinois Deceptive Trade Practices Act, negligence, and breach of contract.

Defendants have moved to dismiss plaintiff's complaint in its entirety. Defendants

maintain that plaintiff has not alleged any facts supporting its allegations of deceptive conduct and has therefore failed to state a claim for fraud. Defendants also contend that the *Moorman* doctrine precludes the negligence count. Defendants further argue that plaintiff's breach of contract claim cannot stand because plaintiff has not sufficiently alleged a breach. Lastly, defendants claim that the lawsuit is barred by the Contract's two-year limitations provision.

## II. Discussion

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all the well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). If when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* Fed.R.Civ.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

1. *Contractual Limitations Period*

As an initial matter, the Court must address defendants' contention that the entire complaint must be dismissed based on the Contract's two-year limitations period. Plaintiff does not dispute that it filed the complaint outside the two-year limitation period. Rather, plaintiff claims that it would have filed the present lawsuit within the prescribed period, but was lulled into inaction by defendants' repeated assurances that they would repurchase the Aircraft.

By this argument, defendants evoke the principle of equitable estoppel which comes into play if the defendant, through its representations, takes active steps to prevent the plaintiff from

3

suing in time. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1991). Generally, equitable estoppel is a question of fact inappropriate for resolution on a motion to dismiss. *Pack v. Sante Fe Park Enterprises, Inc.*, 209 Ill.App.3d 648, 568 N.E.2d 360, 363 (1991). Here, the plaintiff has alleged that defendant took active steps to stave off litigation, including sending multiple facsimiles assuring plaintiff that repurchase was imminent. These allegations sufficiently set forth a set of facts under which defendants could be equitably estopped from raising the Contract's two-year limitations provision. Defendants' request to dismiss the complaint as untimely is therefore denied.

2. *Fraudulent Concealment*

The complaint alleges that defendants fraudulently concealed material facts regarding the Aircraft's damage history. Defendants respond that plaintiff has not alleged facts demonstrating that they had a duty to disclose the damage history prior to plaintiff's purchase and therefore cannot sustain their claim. The Court agrees.

To state a claim for fraudulent concealment under Illinois law, a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to the plaintiff. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 501, 675 N.E.2d 584, 593 (1997); *Ampat/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1040 (7th Cir. 1990) ("[f]or an omission to rise to the level of fraud . . . there must be a duty to disclose."). A duty to disclose may arise where a plaintiff places trust and confidence in a defendant, thereby placing the defendant in a position of influence and superiority over the plaintiff. *Connick*, 675 N.E.2d at 593. Here, the parties' relationship did not possess sufficient indicia of disparity in experience or knowledge such that defendants could be said to have gained influence and superiority over the plaintiff. While it is true that defendants knew more about the Aircraft's history than plaintiff, a

4

slightly dominant business position does not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship. *Lagen v. Balcor Company*, 274 Ill.App.3d 11, 653 N.E.2d 968, 975 (1995). Accordingly, the complaint does not allege the factual predicates to establish a general duty to disclose material facts.

Additionally, the complaint does not sufficiently allege that defendants *concealed* a material fact. Plaintiff does not claim that defendants took any affirmative steps to prevent defendants from discovering the Aircraft's damage history. The only reasonable inference that can be drawn from plaintiff's allegations, is that defendants remained silent about the damage history. It is well established that mere silence in a business transaction does not amount to fraud. *Heider v. Leewards Creative Crafts, Inc.*, 245 Ill.App.3d 258, 613 N.E.2d 805, 814 (1993).

Lastly, even if plaintiff adequately alleges that defendants concealed the Aircraft's damage history, the complaint still fails to state a claim for fraudulent concealment because plaintiff could have easily discovered the damage history on its own. Illinois courts have found that a requisite element of a claim of fraudulent concealment is that "the innocent party could not have discovered the truth through a reasonable inquiry or inspection or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist." *Lefebvre Intergraphics, Inc. v. Sanden Machine Limited*, 946 F.Supp. 1358, 1367 (N.D.Ill. 1996). Here, the facts indicate that plaintiff was given a full and fair opportunity to inspect the Aircraft before purchase. Also, information regarding the Aircraft's damage was a matter of public record readily available through the Federal Aviation Administration. Plaintiff's complaint simply does not contain sufficient allegations indicating that plaintiff made a reasonable inquiry about the Aircraft's history or was prevented from making such an inquiry. The law will not allow a person to enter into a transaction with eyes closed to material facts and

5

then claim fraud by deceit. *Miller v. William Chevrolet/Geo, Inc.*, 326 Ill.App.3d 642, 762 N.E.2d 1, 9 (2001). Accordingly, plaintiff's claim for fraudulent concealment must be dismissed.

2.  *Civil Conspiracy*

The complaint also alleges a claim against defendants for conspiracy to fraudulently conceal the Aircraft's damage history from plaintiff. Defendants argue that this claim must be dismissed because plaintiff has failed to sufficiently allege an underlying claim for fraudulent concealment.

Illinois courts allow a plaintiff to bring a cause of action for civil conspiracy against an individual who has planned, assisted or encouraged another individual to commit wrong against the plaintiff. *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 645 N.E.2d 888, 894 (1994). To have a cause of action for civil conspiracy, however, an underlying wrong must exist. *Cumis Insurance Society, Inc. v. Peters*, 983 F.Supp. 787, 794 (N.D.Ill. 1997). Accordingly, to state a cause of action for civil conspiracy, the plaintiff must sufficiently allege that an underlying wrong existed. *Servpro Indus., Inc. v. Schmidt*, 905 F.Supp. 470, 474 (N.D.Ill. 1995). As discussed above, plaintiff's complaint fails to state a claim against defendants for fraudulent concealment. Consequently, plaintiff has failed to state a claims against the same defendants for conspiracy to defraud plaintiff. Plaintiff's claim of civil conspiracy is therefore dismissed. *See Cumis*, 983 F.Supp. at 794 (dismissing plaintiff's claim for conspiracy because the underlying acts did not constitute fraud).

3.  *Illinois Consumer Fraud Act and Deceptive Trade Practices Act*

The complaint also includes allegations that defendants violated the Illinois Consumer Fraud Act, 815 ILCS § 505/1 *et seq.* (the CFA), and Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS § 510/2 *et seq.* Plaintiff's claim under the DPTA is inappropriate because

the relief sought in that count is not available in the statute. The complaint requests monetary damages, but the DPTA only provides for injunctive relief. *Glazewski v. Coronet Ins. Co.,* 108 Ill.2d 243, 483 N.E.2d 1263, 1268 (1985). Accordingly, the DPTA does not apply to the present dispute. *See Hoopla Sports and Entertainment, Inc. v. Nike, Inc.,* 947 F. Supp. 347, 358 (N.D.Ill. 1996); *see also Wheeler v. Sunbelt Tool Company, Inc.,* 181 Ill.App.3d 1088, 537 N.E.2d 1332, 1347 (1989).

The proper place to seek individual damages is the CFA. To state a claim under the CFA, a complaint must set forth specific facts that show (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving a trade or commerce; and (4) the consumer fraud proximately caused the plaintiff's injury. *Connick v. Suzuki Motor Co., Ltd.,* 174 Ill.2d 482, 501, 675 N.E.2d 584, 593 (1997).

Defendants argue that plaintiff fails to allege sufficient facts demonstrating a deceptive act or practice. Defendants also argue that the terms of the sales contract, particularly the warranty disclaimers, further belie the notion that defendants deceived plaintiff. While defendants' position may ultimately prove correct, the Court cannot conclude at this juncture that plaintiff has failed to sufficiently allege deception. The complaint alleges that defendants did not disclose the Aircraft's damage history during the parties' negotiations or at any time prior to purchase. The Illinois Supreme Court has held that an omission of a material fact in the conduct of trade or commerce constitutes consumer fraud. *Connick,* 675 N.E.2d at 595. Accordingly, defendants' conduct, as alleged in the complaint, satisfies the CFA's requirement of deceptive conduct.[1]

---

[1] Defendants also contend that they did not hide anything from plaintiff because the Aircraft's logbooks, which were available for inspection before purchase, disclosed the Aircraft's damage history. Plaintiff disagrees that the logbooks' notations sufficiently describe the crash and resulting damage. As the fact appear in dispute, it would

7

The Court finds that plaintiff has adequately pled a consumer fraud violation based on a material omission by defendants. Plaintiff alleges that defendants were aware of the Aircraft's damage history. Plaintiff further alleges that defendants failed to disclose this history. Finally, plaintiff alleges that the Aircraft's damage history was a material fact that significantly lowered the value of their purchase. Plaintiff's claim under the CFA may therefore stand.

4.  *Negligence*

Plaintiff also brings a claim against defendants for negligence. The complaint alleges that defendants breached their duty to disclose material information regarding the Aircraft causing economic injury to plaintiff. In response, defendants contend that plaintiff's negligence claim is barred by the Moorman doctrine, which prohibits the recovery of purely economic loss in tort. *Moorman Manufacturing Co. v. National Tank Co.*, 61 Ill.Dec. 746, 435 N.E.2d 443, 449 (1982). Plaintiff acknowledges this principle, but argues that the claim falls within an exception to the doctrine.

The *Moorman* doctrine is based on the conclusion that when the "defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Id.* at 451. However, the Illinois Supreme Court has recognized certain exceptions to this doctrine. *See Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 176 Ill.2d 160, 679 N.E.2d 1197, 1199 (1997). The exception argued by the present parties applies "where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations." *Moorman*, 435 N.E.2d at 452. A "precise, case-specific inquiry is

---

be improper for the Court to decide the issue at this early stage of the litigation.

8

required to determine whether a particular enterprise is 'in the business of supplying information for the guidance of other in their business transactions.'" *Rankow v. First Chicago Corp.*, 870 F.2d 356, 361 (7th Cir. 1989). Under these instructions, it is clear that the exception does not apply here. The only reasonable inference capable of being drawn from the facts alleged is that defendants' primary business is the sale of aircrafts, and not the supplying of information for the guidance of others. As plaintiff has not argued the applicability of any other exception, the Court concludes that the *Moorman* doctrine bars plaintiff's negligence claim.

5. *Breach of Contract*

Plaintiff's final claim is for breach of contract. Plaintiff alleges that defendants breached the terms of the Contract by delivering an aircraft that was substantially different and of less value than the one contracted for. Under Illinois law, "to state a cause of action for breach of contract, plaintiff must show: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). Plaintiff has not directed the Court towards any provision that defendants breached. Nothing in the Contract required defendants to disclose the Aircraft's damage history. Nor does the Contract warrant that the Aircraft suffered no prior damage. In fact, the contract conspicuously states that plaintiff agrees to accept the Aircraft "as is." Ordinarily, acceptance of goods "as is" implies that the seller is relieved of any further obligation to reimburse for loss or damage because of the condition of the goods. *ARR International, Inc. v. Vacances Heliades, S.A.*, 292 F.Supp.2d 788, 795 (N.D.Ill. 2002). As the complaint fails to sufficiently allege a breach, plaintiff's final claim must be dismissed.

9

III. Conclusion

For the above reasons, defendants' motion to dismiss is **granted** in part and **denied** in part. Counts II, III, IV, V, VI are dismissed. Count I remains.

IT IS SO ORDERED.

6/25/03

William J. Hibbler
United States District Court